*T. Gazlay*, for the plaintiff.

*J. Ryman*, for the defendant.

May Term,
1853.

CASE
v.
WILDRIDGE.

---

## CASE and Wife *v.* WILDRIDGE and Others.

| 4 | 51 |
|142|231|

A person inherited lands in this state from her maternal grandfather and died while the R. S. of 1831 were in force, intestate, and unmarried, leaving a father surviving her, but neither children nor their descendants, nor brothers or sisters, but brothers and sisters of her mother. *Held*, that the father inherited the land.

ERROR to the *Franklin* Circuit Court.

DAVISON, J.—This was a petition, under the statute, for partition.

The petition states that the petitioners are tenants in common with *John P. Case* and *Mary*, his wife, of certain real estate therein described, and prays the appointment of commissioners to make partition, &c.

Plea, that the petitioners have no title to the land described, &c., and that they and the said *Case* are not tenants in common, &c.

The cause was submitted to the Court upon a written

Monday,
May 23.

statement of facts. Judgment for the petitioners and partition ordered, &c.

The following are the facts: *Ralph Wildridge*, the ancestor, was the owner of the land in dispute, with other lands. His daughter *Hannah* married the said *John P. Case*. By that marriage there was issue a daughter named *Margaret*. *Hannah* died, in the lifetime of her father, intestate, leaving *Margaret* her daughter and only child. In the year 1828, *Ralph Wildridge* died intestate, leaving his children and the said *Margaret* to inherit his lands. *Margaret*, at the time of the death of her grandfather, was a minor and one of his heirs, representing her mother. After the death of *Hannah*, the said *John P.* married another daughter and heir of said *Ralph*. She is still living, and yet his wife.

In 1831, partition was made of the real estate of said *Ralph Wildridge*, deceased, among all his heirs. And the land now in dispute was set off and assigned to *Margaret*, the daughter of the said *John P.*, she being then a minor. Immediately after said partition, he took possession of said land, as guardian of his daughter, and continued in possession thereof, as such guardian, until the year 1833, when the said *Margaret* died intestate, without having been married, without issue or their descendants, and in the lifetime of her father.

Since the death of *Margaret*, the said *John P.* has retained possession of and occupied said land, and received the rents and profits thereof, claiming it as heir of his said daughter.

The petitioners are the brothers and sisters, and the descendants of the brothers and sisters of *Hannah Case*, the mother of said *Margaret*.

The question to be considered is, who is entitled to the land, the petitioners or *John P. Case*, the father of *Margaret?*

The statute of 1831, regulating descents, &c., must govern the descent in this case.

That statute contains the following provisions, viz.:

"Sec. 1. That the real and personal estate of any per-

son dying intestate, shall descend to his or her children, or their descendants, in equal parts, viz., to the children of the deceased child, the share of their deceased parent, saving, however, to the widow, in all cases, the right of dower.

"Sec. 2. If there be no children, nor their descendants, then to the father; and if there be no father, then in equal parts to the mother, brothers, and sisters of such deceased person dying intestate, and to their descendants."

"Sec. 4. When any person shall die intestate, without issue, possessed of a title to any real estate, by purchase with the estate of, or by descent from the mother, neither the father of such person, nor any child he may have by any other woman, shall inherit the same or any part thereof, if there be living any brother or sister of the mother of such person, or any lineal descendant of either of them." (1)

Under the 2d section of the act, the father of *Margaret* must inherit the land in controversy, unless such construction of the fourth section can be given as will bring the petitioners within its provisions.

In this case, the person dying intestate did not acquire title "by purchase with the estate of, or by descent from her mother;" but she inherited from her maternal grandfather, and took "the share of her deceased parent."

The terms used in the fourth section, viz., "by descent from the mother," seem to create the difficulty in giving an interpretation to the statute.

The defendants insist that the real intention of the legislature, as shown by the whole statute when taken and compared together, was to exclude entirely the maternal line from inheriting paternal estates, and the paternal line from inheriting maternal estates.

Indeed, there seems to be no good reason why an estate "taken as representative of the mother," should descend in a line different from one derived "by descent from the mother." And we are not prepared to say that the intention of those who made the law may not have been as insisted by the defendants. But, from a view of the whole

act, we can find nothing that would authorize the construction contended for. The terms, "by descent from the mother," as used in the fourth section, are too explicit to admit of any interpretation other than that which they literally import.

It has been said that " where a law is plain and unambiguous, whether it be expressed in general or limited terms, the legislature should be intended to mean what they have plainly expressed, and consequently, no room is left for construction." *Fisher* v. *Bligh*, 2 Cranch 399 ; and that " the best rule by which to arrive at the meaning and intention of the law, is to abide by the words which the law-maker has used." Wharton Dig. 569. In *Gardner* v. *Collins*, 2 Peters 58, it was held, " that the words descent *from* a parent cannot be construed to mean descent *through* a parent." And it seems to us that it would be equally at variance with every fair rule of construction to interpret the words " descent from the mother," to mean descent from the maternal grandfather, or " taking the share of the deceased parent."

The record shows that when *Hannah* died, the land in dispute was vested in her father. The descent was cast directly from him to his grand-daughter. *Hannah* never was seized. And it follows that no title to the premises could be derived from her by descent.

The facts presented do not, in our opinion, bring the petitioners within the fourth section of the act referred to. And we think that *John P. Case* is entitled to the land as heir to his daughter.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. Holland*, for the plaintiffs.

*J. Ryman*, for the defendants.

(1)   R. S. 1831, p. 207.