RUGE v. THE STATE.

LIQUOR LAW.—*Indictment.*—*Fourth of July.*—*Legal Holiday.*—*Time.*—An in-dictment for a violation of section 9 of the liquor law of March 17th, 1875, 1 R. S. 1876, p. 869, charged the defendant with having sold a certain quantity of intoxicating liquor, for a specified price, to a person named, "on or about the 4th day of July, A. D. 1876, * * * the said 4th of July being then and there a legal holiday."

*Held,* that the indictment is bad.

*Held,* also, that the time is not laid with sufficient certainty.

*Held,* also, that the act of March 16th, 1875, 1 R. S. 1876, p. 637, declaring certain days to be legal holidays for the payment, etc., of bills of exchange, etc., does not make them legal holidays within the meaning of said section 9.

From the Porter Circuit Court.

*T. J. Merrifield* and *W. Johnston*, for appellant.

*T. W. Woollen,* Attorney General, for the State.

BIDDLE, J.—The appellant was indicted with John Boye, for unlawfully selling intoxicating liquor, in the following words:

"The grand jurors of the State of Indiana, in and for the county of Porter, good and lawful men, duly and legally empanelled, sworn and charged in the circuit court, at its September term, A. D. 1876, to inquire in and for the body of said county, in the name and by the authority of the State of Indiana, upon their oaths present and charge, that, on or about the 4th day of July, A. D. 1876, at and in the county of Porter and State of Indiana, John Boye and Henry Ruge did then and there unlawfully sell one gill of intoxicating liquor to one Merrill Davidson, at and for a price of ten cents, the said 4th of July being then and there a legal holiday."

The appellant moved to quash the indictment. The court overruled the motion, and he excepted.

Trial; conviction; fine; judgment; appeal.

This indictment is founded on the following section of the act of March 17th, 1875.  1 R. S. 1876, p. 871.

" Sec. 9. A license granted under the provisions of this act shall not authorize the person so licensed to sell or barter any intoxicating, vinous or malt liquors on Sunday nor upon any legal holiday, nor upon the day of any State, county, township or municipal election in the township, town or city where the same may be holden, nor between the hours of 11 P. M. and 5 A. M., and upon conviction thereof he shall be deemed guilty of a misdemeanor, and be fined in any sum not less than ten, nor more than fifty dollars, and for a second conviction he shall forfeit his license, which shall be a part of the judgment of the court trying the same."

This indictment can not be sustained. At the time it was formed there was no law making the 4th day of July a general legal holiday. The act of March 16th, 1875, 1 R. S. 1876, p. 637, makes it a holiday " for all purposes of presenting for payment or acceptance for the maturity and protest, and giving notice for the dishonor of bills of exchange, bank checks and promissory notes, or other negotiable or commercial paper, * * * falling due or maturing on " that day; but this does not make it a legal holiday within the meaning of the section upon which this indictment is founded.

The act of March 5th, 1877, Acts 1877, Reg. Sess., p. 92, prohibiting the sale of intoxicating liquors on the 4th of July and other legal holidays, can not affect this case.

And, if the 4th of July was a legal holiday, within the meaning of section 9, the averment that the sale was made " on or about the 4th day of July," is not sufficient. Time is of the essence of such an offence, and, when the time at which it is committed is a part of the offence, it must be directly averred, or, in the language of our statute, " where the time is an indispensable ingredient in the offence." 2 R. S. 1876, p. 385, sec. 56.

In this case, the sale not having been made without

license, time would be "an indispensable ingredient in the offence," if the 4th of July was a legal holiday. *Clarke* v. *The State*, 34 Ind. 436; Buskirk Prac. 390; 2 Russell Crimes, 326.

The judgment is reversed; cause remanded, with instructions to sustain the motion to quash the indictment.