No. 550.

## THE STATE v. BRUGH.

ANIMALS.—*Killing of Dog.—Repeal of Act of March 7th, 1883.—Attempted Revivor of.*—The act of March 7th, 1883 (Acts 1883, p. 148), providing among other things a penalty for the mischievous or malicious injuring or killing of any dog duly listed for taxation, etc., was repealed by the act of March 5th, 1891 (Acts 1891, p. 453), on the same subject, and it was not error to quash an affidavit founded upon the first act after the passage of the latter act. The provision in the act of March 6th, 1891, on the subject of taxation, "that nothing in this act shall be construed so as to repeal or modify any of the provisions of an act to provide for the taxation of dogs, etc., in force March 7th, 1883," etc., was not sufficient to revive the said act of March 7th, 1883, that was repealed by the act of March 5th, 1891.

STATUTES.—*Repealed Act.—How Revived.*—Where an act has been repealed it can not be revived and re-enacted by mere reference to its title. The mode provided for in the Constitution must be followed.

SAME.—*Title of Act.—Considered for what Purpose.*—While the title of an act can not control plain words in the body of an act, it may be considered for the purpose of ascertaining the mind of the legislature.

From the Marshall Circuit Court.

*S. N. Stevens,* Prosecuting Attorney, and *C. Kellison,* for the State.

*C. B. Drummod,* for appellee.

NEW, J.—The appellee was charged with having killed the dog of Henry Strauderman, on the 31st day of August, 1891. On motion of the appellee the court quashed the affidavit, and discharged the appellee from custody. From this decision the State excepted, and appealed to this court.

The following errors are assigned:

1st. The court erred in sustaining appellee's motion to quash the affidavit.

2d. The court erred in sustaining appellee's motion to quash the affidavit, and in rendering judgment discharging appellee from custody.

The affidavit upon which this prosecution is founded, omitting the formal parts, is as follows:

The State *v.* Brugh.

Henry Strauderman, being duly sworn, on his oath, says "that the defendant, Elmer Brugh, on the 31st day of August, 1891, at Marshall county, in the State of Indiana, did then and there unlawfully, mischievously and maliciously kill a certain dog, said dog being then and there the property of Henry Strauderman, and had been then and there duly listed for taxation according to law, and that said dog when killed was not engaged in committing damages to the property of any person, and that he, the said dog, was not known to be a dog that would kill or maim sheep."

The question we are called upon to decide is this: Did the court err in quashing the affidavit?

It is manifest that this prosecution is based upon section 5 of the act of March 7th, 1883 (Acts 1883, page 148), entitled " An act to provide for the taxation of dogs, to regulate matters connected therewith, and providing penalties for the violation of the provisions of this act," etc.

Said section 5 reads as follows:

"Any person who shall mischievously or maliciously injure or kill any dog that has been duly listed for taxation, or any person who shall steal, take and carry away any dog that has been duly listed for taxation according to law, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not exceeding $200, to which may be added imprisonment in the county jail for any term not exceeding thirty days: *Provided,* That in all cases such dogs are injured, or killed while engaged in committing damages to the property of any other person than the owner of such dogs, or is known to be a dog that will kill or maim sheep, the above provisions shall not apply."

The entire act of March 7th, 1883, above referred to, was repealed on the 5th day of March, 1891, by the act of that date on the same subject (Acts 1891, page 453). As to this there can be no doubt. The substance of said act of March 5th, 1891, shows that it is a full and complete act on the

subject of protection to domestic animals, to regulate matters connected therewith, and for the taxation of dogs. It also shows that it covers the whole subject-matter of the act of March 7th, 1883.

Where a new statute covers the whole subject-matter of an old one, adds offences, and prescribes different penalties for those enumerated in the old law, then the old statute is repealed by implication, as the provisions of both can not stand together. *Coghill* v. *State*, 37 Ind. 111.

If we had no other guide, we would at once and without hesitation say that the act of March 5th, 1891, repealed the act of March 7th, 1883, on the same subject, but we are not limited to the substance of the act of March 5th, 1891, as its title furnishes additional evidence that it was the intention of the Legislature to repeal the act of March 7th, 1883. Said title is as follows:

"An act to protect domestic animals, to regulate matters connected therewith, to provide for the taxing and registration of dogs and providing penalty for violation thereof, repealing an act, 'Entitled an act to provide for the taxation of dogs, to regulate matters connected therewith and providing penalty for violation of this act.' (An act by lapse of time, March 7th, 1883.)"

While it is true that the title of an act can not control plain words in the body of an act, it may be considered for the purpose of ascertaining the mind of the Legislature. *Garrigus* v. *Board, etc.*, 39 Ind. 66 (71, 72).

Section 9 of the act of March 5th, 1891, provides that all laws and parts of laws in conflict with the provisions of said act of March 5th, 1891, are repealed *pro tanto*, and section 10 declares an emergency. Thus we find it entirely clear that said act of March 7th, 1883, was repealed and ceased to exist on the 5th day of March, 1891. Where a statute, or an act, has been amended or repealed, it no longer exists and is superseded by the amended section or act. *Blakemore* v. *Dolan*, 50 Ind. 194; *Feibleman* v. *State, ex rel.*, 98 Ind. 516.

It would not be necessary for us to make further investigation to dispose of the question under consideration but for the fact that the Legislature, on the 6th day of March, 1891 (the next day after the act of March 7th, 1883, was repealed), enacted a law on the subject of taxation that in some respects is in conflict with some parts of the act of March 5th, 1891.

Section 47 of said act reads as follows:

" The assessor shall list every dog over the age of six months within his township to the person owning, keeping or harboring the same, and such person shall be charged on the duplicate one dollar if a male, and two dollars if a female dog, and the further sum of two dollars for each additional dog, beyond one ; which amounts so charged shall be carried to the column of total amounts, and collected as other taxes are collected : *Provided,* That nothing in this act shall be construed so as to repeal or modify any of the provisions of an act to provide for the taxation of dogs, etc., in force March 7th, 1883, and an act to amend section 8 of said act of March 7th, 1883, approved April 8th, 1885, both of which acts shall remain in full force and effect."

This section is in conflict with and repugnant to section 1 of the act of March 5th, 1891, and as it is the latest expression of the Legislature on the subject, it must be considered as repealing such parts of said act as are in conflict with it.

The last expression of the Legislature on any particular subject, if said in the way known to the Constitution, must govern. *Spencer* v. *State,* 5 Ind. 41 (49) ; *De Pauw* v. *City of New Albany,* 22 Ind. 204; *Farmers', etc., Ins. Co.* v. *Harrah,* 47 Ind. 236.

It is claimed that the language used in the proviso of said section 47 revived the act of March 7th, 1883, that was repealed on the previous day. But we do not so understand it.

The Constitution of our State provides the manner in which laws shall be created. This can not be done by merely refer-

ring to the subject of the act, and as the act of March 7th, 1883, was repealed and ceased to exist on the 5th day of March, 1891, it could not be revived on the next day, or at any time except in the way provided by the Constitution for enacting laws.

The language used in the proviso of said section 47 has no weight, and amounts to nothing, except to show that at the time it was used the fact had been overlooked that the act of March 7th, 1883, had been repealed, and being so repealed it could not be revived and re-enacted by the mere reference to the title in the manner it is referred to in said section 47 of the act of March 6th, 1891, concerning taxation. *Florer* v. *State, ex rel.*, 133. Ind. ——.

We fail to find any error in the record.

The judgment is affirmed.

