No. 17,425.

## THE STATE *v.* ATKINSON.

CRIMINAL LAW.—*Sale of Intoxicating Liquors.—Legal Holidays.—Thirtieth Day of May.—Statute Construed.*—The 30th day of May is not a legal holiday within the meaning of section 2098, R. S. 1881, making it unlawful to sell intoxicating liquor on certain days. It is not a general legal holiday, but is simply a legal holiday in relation to commercial paper, and for no other purpose.

CONSTITUTIONAL LAW.—*When Such Question Will Not Be Decided.—Supreme Court Practice.*—The appellate tribunal will not decide a constitutional question when such decision is not absolutely necessary to a disposition of the cause upon its merits.

From the Jay Circuit Court.

*A. G. Smith,* Attorney-General, and *R. H. Hartford,* for State.

*C. Corwin* and *J. M. Smith,* for appellee.

COFFEY, C. J.—This was a prosecution by the State against the appellee, for an alleged violation of the provisions of section 2098, R. S. 1881, which provides that "Whoever shall sell, barter, or give away to be drunk as a beverage, any spiritous, vinous, malt or other intoxicating liquor, upon Sunday, the fourth day of July, the first day of January, the twenty-fifth day of December, * * Thanksgiving day as designated by proclamation of the Governor of this State or the President of the United States, or any legal holiday, * * * shall be fined," etc.

It is alleged in the indictment, that the appellee violated the provisions of this statute by selling intoxicating liquor to be drunk as a beverage, on the 30th day of May, 1892.

The court, on motion of the appellee, quashed the indictment, from which ruling the State appeals to this court, and assigns error.

The only question presented and discussed by counsel is the question as to whether the thirtieth day of May is

The State *v.* Atkinson.

a legal holiday, in this State, within the meaning of this statute.

In the case of *Ruge* v. *State*, 62 Ind. 388, it was held that none but general legal holidays fell within the provisions of this statute, and as there was not, at that time, any statute in this State making the 4th day of July a general legal holiday, it was held not to be a violation of the statute to sell on that day.

By an act of the General Assembly, passed in 1875, Act of 1875, p. 66, R. S. 1881, section 5517, it is provided that: "The following days, to wit: The first day of the week, commonly called Sunday; the first day of January, commonly called New Year's day; the fourth day of July; the twenty-fifth day of December, commonly called Christmas day; and any day appointed or recommended by the President of the United States or the Governor of the State of Indiana as a day of public fast or thanksgiving, shall be holidays within the State of Indiana for all purposes of presenting for payment or acceptance, for the maturity and protest, and giving notice for the dishonor of bills of exchange, bank checks, promissory notes, or other negotiable or commercial paper; and all notes, drafts, checks, or other negotiable or commercial paper, falling due or maturing on either of said holidays, shall be deemed as having matured on the day previous."

By an act approved March 5, 1889, Elliott's Supplement, section 1789, the above act was amended by adding thereto the twenty-second day of February, the thirtieth day of May and the day of any general, national, or State election.

At the general session of the General Assembly, in 1891, the following act was passed (Acts 1891, p. 394), namely:

"An act to amend an act entitled 'An act in relation to promissory notes, bank checks and bills of exchange,

and to designate the holidays to be observed in the presentment, acceptance and payment of the same, approved March the 16th, 1875, and declaring an emergency,' and amended March 5, 1889, the same being section 5517 of the Revised Statutes of 1881, and declaring an emergency.

"[Approved March 9, 1891.]"

"Section 1. *Be it enacted by the General Assembly of the State of Indiana*, That the above amended act be amended to read as follows:   The following days to wit: The first day of the week, commonly called Sunday;  the first day of January, commonly called New Year's day; the fourth day of July;  the twenty-fifth day of December, commonly called Christmas day; and any day appointed or recommended by the President of the United States or the Governor of the State of Indiana, as the day of public fast or thanksgiving; the twenty-second day of February, commonly called Washington's birthday;  the thirtieth day of May, commonly called Memorial day, and the first Monday of September, commonly known as labor day;  the day of any general, national, or State election, shall be legal holidays within the State of Indiana; and all bills of exchange, bank checks, promissory notes, or other negotiable or commercial paper, falling due or maturing on either of said holidays, shall be deemed as having matured on the day previous, and when any of said holidays come on Monday, all bills of exchange, bank checks, promissory notes or other negotiable or commercial paper maturing thereon shall be deemed as having matured on Saturday previous, and when the legal holiday comes on Sunday the day following shall be the holiday."

It is contended by the State that under the provisions of this act the thirtieth day of May is a legal holiday within the terms of section 2098, *supra*, under which this

prosecution was instituted, while on the other hand it is contended by the appellee:

*First.* That the act last above set out is unconstitutional, because it attempts to amend a statute which had been merged in a former amendment.

*Second.* That conceding it to be a valid law, it does not constitute the 30th day of May a legal holiday within the meaning of section 2098.

While the constitutional question here sought to be presented is, in a sense, involved, it is not, in our opinion, involved in such a manner as to require its decision. It is well settled that a court of last resort will not decide a constitutional question when such decision is not absolutely necessary to a disposition of the cause upon its merits. *Parker* v. *State, ex rel.*, 133 Ind. 178.

Assuming, without deciding, that the act of 1891 above set out is constitutional, it does not purport to constitute the 30th day of May a general legal holiday. The act, upon its face, purports to be an act in relation to commercial paper, and it makes the 30th day of May, and the other days therein named, a legal holiday in relation to such paper, and for no other purpose.. *Hadley* v. *Musselman*, 104 Ind. 459.

Many of the days named in this last act are named in section 2098, *supra*, but the 30th day of May is not so named, and as it is not made a general legal holiday by any statute of the State, it is not a holiday within the meaning of section 2098. *Ruge* v. *State, supra*.

It follows, from what we have said, that the circuit court did not err in quashing the indictment in this case, whether the act of 1891 is to be regarded as a valid enactment or whether it is to be regarded as unconstitutional and void.

Judgment affirmed..

Filed Nov. 27, 1894.