FLATROCK CIVIL TOWNSHIP *v.* RUST.

[No. 2,309.   Filed October 15, 1897.]

ANIMALS.—*Liability of Township for Horse Killed by Dog.—Repeal of Statute by Implication.*—The act of March 5, 1891 (sections 2856–2864, Burns' R. S. 1894), providing a method of taxing dogs, and for the payment by the township for horses and other animals killed by dogs, was impliedly repealed by the act of March 6, 1891 (sections 8457–8654, Burns' R. S. 1894), providing another and antagonistic method for the taxation of dogs. Following *Kerlin* v. *Reynolds*, 142 Ind. 460.

From the Bartholomew Circuit Court. *Reversed.*

*Marshall Hacker* and *Charles F. Remy,* for appellant.

*James F. Cox,* for appellee.

ROBINSON, J.—This case was transferred to this court by the Supreme Court.

Appellee sued appellant to recover the value of a horse, alleged to have been bitten by a dog, from the effects of which the horse died. The suit was brought in March, 1896.

Prior to the approval of the act of March 5, 1891, there was no statute in Indiana providing for the payment for horses maimed or killed by dogs. On that day an act was approved, providing for the registering and taxing of dogs by the township trustees in their respective townships, and that all moneys derived from the registration of dogs, and all fines under that act should constitute a fund known as the dog fund, which should be for the payment of damages sustained by the owners of swine, cattle, horses, and sheep killed, maimed, or damaged by dogs within such township. Acts 1891, p. 453, sections 2856-2864, Burns' R. S. 1894.

By the act approved March 6, 1891, it is provided that the assessor of each township shall list every dog over the age of six months within his township, to the person owning, keeping, or harboring the same, and providing the amount that shall be charged therefor, and further providing that the revenue received from the tax on dogs in each township shall be set apart by the county auditor at the annual settlement and paid to the township trustee, and that the sums so collected and received shall constitute a fund for the payment of damages sustained by the owners of sheep maimed or killed by dogs within such township, and each township trustee is directed and required to hold the same for such purpose. The act of March 6, 1891, further provides that "all laws and parts of laws within the provisions of this act * * * * are hereby repealed." Acts 1891, p. 199, sections 8457, 8654, Burns' R. S. 1894.

In the case of *Kerlin* v. *Reynolds*, 142 Ind. 460, it is

said: "It is suggested, also, that a service performed for the people of the cities and those of the country is that of making a registry of dogs as required by the acts of 1891, page 453. That act was approved March 5, 1891, and by its first, sixth, and eighth sections, created a method for the taxation of dogs to the exclusion of all other methods of taxation for such animals. On the 6th day of March, 1891, a later act was approved (Acts 1891, p. 199), sections 47 and 53 of which provided another and antagonistic method of taxation for such animals. The latter act repealed the former by necessary implication, and the services of the trustee contemplated by the former act are not required to be performed." See *State* v. *Brugh*, 5 Ind. App. 592.

Appellee based his action on the act of March 5, 1891, but that act was repealed by the act of March 6, 1891, which makes no provision for payment by the township trustee for horses maimed or killed by dogs. There was no statute in force on which to base appellee's action at the time it was brought, and no provision for any fund out of which a township trustee could pay for horses killed or maimed by dogs.

The demurrer to the complaint should have been sustained. Judgment reversed.