# THE STATE *v.* SHELTON.

### [No. 6,135.   Filed May 18, 1906.]

1. STATUTES. — *Criminal Law.* — *Intoxicating Liquors.* — *Illegal Sales.—Holidays.*—Section 2194 Burns 1901, §2098 R. S. 1881, did not prohibit the sale of intoxicating liquors on any holidays except those specifically mentioned therein.   p. 83.

2. SAME.—*Holidays.*—*Commercial Paper.*—*Intoxicating Liquors.* —Section 7531 Burns 1901, Acts 1891, p. 394, designating certain days as legal holidays with reference to commercial paper, did not designate such days as holidays with reference to the sale of intoxicating liquors.   p. 84.

3. SAME.—*Holidays.*—*Intoxicating Liquors.*—*Police Power.*—The legislature has the power to designate holidays; and under the police power it may prohibit the sale of intoxicating liquors on such days.   p. 86.

4. SAME.—*Construction.*—*Meaning of Words.*—The words of a statute will be given their ordinary meaning, unless the context shows that they were used in a different sense.   p. 87.

5. WORDS AND PHRASES.—*"Holiday."*—The word "holiday" means a consecrated day; a day of cessation from ordinary labor. p. 87.

6. STATUTES. — *Title.* — *Limitations.—Construction.*—Where the title of an act limits the act to certain purposes, such act will be construed as effective only as limited thereby.   *State* v. *Atkinson,* 139 Ind. 426, distinguished.   p. 87.

7. SAME.—*In Pari Materia.*—Statutes, concerning the same subject-matter, passed at the same session, will be construed *in pari materia* if possible.   p. 88.

8. SAME. — *Holidays.* — *Intoxicating Liquors.* — *Illegal Sales.* — *"Labor Day."*—Under the act of 1905 (Acts 1905, p. 196) making "labor day" a legal holiday, and the act of 1905 (Acts 1905, pp. 584, 721, §579) prohibiting the sale of intoxicating liquors on "any legal holiday," it is a crime to sell intoxicating liquors on "labor day."   p. 89.

9. POLICE POWER.—*Protection of Private Right.—Public Policy.* —Enlightened public policy and a quickened public conscience demand that on holidays when people congregate in large numbers they shall be safeguarded in their private rights by the prevention of the doing of those things which are liable to incite riots and create discord.   p. 89.

State *v.* Shelton—38 Ind. App. 80.

From Hancock Circuit Court; *Edward W. Felt,* Judge.

Prosecution by the State of Indiana against Curtis Shelton. From a judgment quashing the indictment, the State appeals. *Reversed.*

*Charles W. Miller,* Attorney-General, *William C. Geake, C. C. Hadley, H. M. Dowling* and *C. L. Tindall,* for the State.

*Binford & Walker,* for appellee.

WILEY, J.—Appellee was charged with the unlawful sale of intoxicating liquor, and on his motion the affidavit upon which the prosecution was predicated was quashed. The State appeals, and relies for reversal upon the action of the court in sustaining the motion to quash. The affidavit is as follows: "Charles L. Tindall, being duly sworn, upon his oath says that at the county of Hancock, State of Indiana, on September 4, 1905, one Curtis Shelton did then and there unlawfully sell to one Charles Piper, at and for the price of five cents, one pint of malt liquor, to wit, beer, to be drunk as a beverage, said September 4 then and there being the first Monday of September, and a legal holiday in the State of Indiana, commonly called and designated 'Labor day,' and a day on which the sale of intoxicating liquors was prohibited by law, contrary to the form of the statute made and provided and against the peace and dignity of the State of Indiana."

The point of contention between the learned Attorney-General and counsel for appellee is that the former affirms and the latter deny that Labor day is a legal holiday. To maintain their respective contentions they both rely upon the act of March 4, 1905 (Acts 1905, p. 196, §7531 *et seq.* Burns 1905). The title of that act is as follows: "An act concerning legal holidays, the maturity of negotiable instruments, creating a Saturday half-holiday for banking institutions in certain cities, repealing all laws in conflict herewith, and declaring an emergency."

VOL. 38—6

Section one of the act provides: "That the following days, to wit: The first day of the week, commonly called Sunday, the first day of January, commonly called New Year's day, the fourth day of July, the twenty-fifth day of December, commonly called Christmas day; any day appointed or recommended by the President of the United States or the Governor of the State of Indiana as a day of public fasting or thanksgiving; the twenty-second day of February, commonly called Washington's birthday; the thirtieth day of May, commonly called Memorial day; the first Monday of September, commonly called Labor day, and the day of any general, national, or state election, shall be legal holidays within the State of Indiana. And when any of said holidays (other than Sunday) comes on Sunday, the Monday next succeeding shall be the legal holiday."

Section two of the act authorizes banks, trust companies and safety deposit institutions in all cities of more than thirty-five thousand inhabitants to close their doors for business at 12 o'clock, noon, on each and every Saturday, and that every Saturday in the year after 12 o'clock noon "shall, in addition to the legal holidays mentioned in section one of this act, be a legal half-holiday for such banks, trust companies and safe deposit institutions and the business thereof."

Section three of the act provides that promissory notes, etc., shall be payable at the time fixed therein, without grace, and that when the day of maturity falls upon Sunday or a legal holiday the instrument shall be payable on the next succeeding business day. Also that negotiable instruments falling due on Saturday shall be presented for payment on the next succeeding business day, except that instruments payable on demand may, at the option of the holder, be presented for payment before 12 o'clock noon on Saturday when that entire day is not a holiday.

By section four all laws and parts of laws in conflict with the provisions of this act are repealed.

We have given the substance of sections two and three, because of appellee's contention that the days specified in section one are holidays only for the presentment and payment of commercial paper and that the "presumption is that it was not intended that such days be made legal holidays for any other purpose," and hence that Labor day, upon which appellee is charged with having sold intoxicating liquors, is not a day upon which the sale of such liquors is prohibited by §579 of the act approved March 10, 1905 (Acts 1905, pp. 584, 721, §2226 Burns 1905).

The title of the act just cited is: "An act concerning public offenses." It will be observed that the two acts to which we have referred were passed at the same session of the legislature and, in point of time, in the order mentioned. Section 579, *supra,* is as follows: "Whoever shall sell, barter or give away, to be drunk as a beverage, any spirituous, vinous, malt, or other intoxicating liquors, upon Sunday, the Fourth of July, the first day of January, the twenty-fifth day of December, * * * Thanksgiving day, * * * or any legal holiday, or upon the day of any state * * . * election, * * * or between the hours of 11 o'clock p. m. and 5 o'clock a. m., shall, on conviction, be fined," etc.

It is urged by counsel for appellee that the section just quoted is substantially a reënactment of §2194 Burns 1901, §2098 R. S. 1881, which designated certain days

1. upon which the sale of intoxicating liquors was prohibited, and that Labor day was not one of the days designated. That section did prohibit the sale of intoxicating liquors on "any legal holiday." As to the sum and substance of §579, *supra,* and §2194, *supra,* counsel are right in suggesting that they are substantially alike. When the latter section was enacted, Labor day had not

been designated as a holiday, and for that reason no mention was made of it.

It is further insisted that the act of 1905, relating to legal holidays, etc., repealed a very similar act (§7531 Burns 1901, Acts 1891, p. 394), and that the act 2.    of 1905 does not include any days as holidays which are not mentioned in the statute which it repealed. In view of appellee's contention it will be instructive to review the history of the legislation culminating in the act of 1905.

In 1875 the legislature designated certain days as holidays for certain purposes. 1 R. S. 1876, p. 637, Acts 1875, p. 66. The title of that act is as follows: "An act in relation to promissory notes, bank checks, and bills of exchange, and to designate the holidays to be observed in the presentment, acceptance, and payment of the same, and declaring an emergency." That act specifically names Sunday, New Year's day, Christmas, Fourth of July and Thanksgiving day, and provides that they "shall be holidays within the State of Indiana for all purposes of presenting for payment or acceptance for the maturity and protest * * * of bills of exchange * * * and all notes * * * falling due or maturing on either of said holidays, shall be deemed as having matured on the day previous." The intention of the legislature is clearly expressed both in the title of the act and in its body, and that was that the days specified should be holidays for commercial purposes and no other.

In *Ruge* v. *State* (1878), 62 Ind. 388, appellant was indicted for selling intoxicating liquors on the Fourth of July, and it was charged that the Fourth of July was a legal holiday. It was held that he was not liable because the statute to which we have just referred did not make it a legal holiday for any purpose, except for the presentation, payment, etc., of commercial paper.

In 1889 (Acts 1889, p. 101), the legislature amended the act of 1875. The title to the amendatory act is as follows: "An act to amend an act entitled 'An act in relation to promissory notes, bank checks and bills of exchange, and to designate the holidays to be observed in the presentment, acceptance and payment of the same, approved March 16, 1875, and declaring an emergency.'" The act of 1875, by the act of 1889, was amended by adding May 30, February 22, and the "day of any general, national or state election," as additional holidays, "for all purposes of presenting for payment" checks, promissory notes, etc., and providing further that when any of said holidays shall come on Monday, all bills of exchange, etc., shall be deemed as having matured on Saturday previous, and further that when such holidays come on Sunday, the day following shall be the holiday.

Again in 1891 (Acts 1891, p. 394, §7531 Burns 1901), the legislature amended the act of 1889. The title of the amendatory act of 1891 is as follows: "An act to amend an act entitled 'An act in relation to promissory notes, bank checks and bills of exchange, and to designate the holidays to be observed in the presentment, acceptance and payment of the same, approved March 16, 1875, and declaring an emergency, and amended March 5, 1889, the same being §5517 of the revised statutes of 1881, and declaring an emergency.'" The only amendment in 1891 was by adding the first Monday in September, commonly known as Labor day.

We have given a résumé of all the legislation designating what days shall be deemed to be holidays.

Until the act of 1905, *supra,* the holidays specified by the previous acts were all associated with the maturity and payment of commercial paper.

Counsel for appellee rely largely upon the case of *State v. Atkinson* (1894), 139 Ind. 426, to support their conten-

tion that Labor day is not a legal holiday within the meaning of §2194 Burns 1901, §2098 R. S. 1881, which forbids the sale of intoxicating liquors on "any legal holiday." The decision in that case, as applied to §7531, *supra,* is unquestionably correct, and if there had not been additional legislation on the subject it would be of controlling influence here. That was a prosecution for selling intoxicating liquor on May 30, and it was urged by the State that that was a legal holiday for all purposes under the act of 1891, *supra.* Referring to the act the court said: "It does not purport to constitute the 30th of May a general legal holiday. The act, upon its face, purports to be an act in relation to commercial paper, and it makes the 30th· of May, and the other days therein named, legal holidays in relation to such paper, and for no other purpose."

The titles to the several acts to ⸲which we have referred, as well as the provisions of the acts, make it so plain that the days specified therein had relation to the maturity, presentment, etc., of commercial paper, that it will not admit of legitimate debate.

Holidays for any and all purposes are creatures of legislative enactment, and when the legislature has designated a specific day as a legal holiday, it has the authority, 3. under the police power of the State, to prohibit the sale of intoxicating liquor on such day. It has the same authority to prohibit the sale of liquor on a legal holiday as it has to prohibit its sale between the hours of 11 o'clock p. m. and 5 o'clock a. m. The question for us to determine here is whether the legislature has designated Labor day as a general holiday. If it has, then the inhibition of the statute against the sale of intoxicating liquor on "any legal holiday" applies. The title of the act of 1905 (Acts 1905, p. 196, §7531 *et seq.* Burns 1905) embraces three subject-matters, ·and the act itself treats of such matters in three distinct sections. Section one designates cer-

tain days, including Labor day, as legal holidays. It makes no exceptions or restrictions. It does not declare them holidays for any specific purpose, but does declare them holidays in plain and unambiguous language, and such language is broad and general in terms.

It is the rule of construction that when a law is plain and unambiguous, whether it be expressed in general or limited terms, the legislature should be held to mean

4. what its words have plainly expressed, and consequently no room is left for construction. *Case* v. *Wildridge* (1853), 4 Ind. 51; *United States* v. *Fisher* (1805), 2 Cranch 358, 2 L. Ed. 304; 26 Am. and Eng. Ency. Law (2d ed.), 598. The best rule by which to arrive at the meaning and intention of the law is to abide by the words which the lawmakers used. Wharton's Digest, 569; *Gardner* v. *Collins* (1829), 2 Pet. 58, 7 L. Ed. 347. Where there is nothing in an act to indicate that a word or phrase is used in a particular or technical sense, it will be interpreted with its ordinary and popular meaning at the time of the passage of the act. *Massey* v. *Dunlap* (1896), 146 Ind. 350.

"Holiday means first, a consecrated day, a general festival; and second, a day on which the ordinary occupations are suspended; a day of exemption or cessation

5. from work; a day of festivity, recreation, or amusement." 15 Am. and Eng. Ency. Law (2d ed.), 512. It follows that a "legal holiday" is a day designated and set apart by legislative enactment for one or more of the purposes indicated.

Recurring again to the act of 1905, last cited, it is clear that two classes of holidays are created. Section one designates certain days as "legal holidays," and makes no

6. restrictions or limitations. It is complete in itself. Section two declares that every Saturday, after 12 o'clock noon, in cities of more than thirty-five thousand inhab-

itants, "shall, in addition to the legal holidays mentioned in section one of this act, be a legal half-holiday for banks," etc. Section three provides for the presentment, payment, etc., of negotiable instruments, which mature on "Sunday or a legal holiday." The titles of all the acts previous to the act of 1905, as well as the acts themselves, have plainly and unequivocally indicated that the days named as legal holidays were made such for commercial purposes and not otherwise. Not so with the act under consideration.

The case of *State* v. *Atkinson, supra,* upon which appellee relies, arose and was decided upon a statute, radically different from the act of 1905. There the title of the act under which the prosecution was waged limited the act to specific and certain purposes, and by the decision it was simply held, in harmony with the general rule of statutory construction, that the act could go no farther than the scope of the title. That case is clearly distinguishable from the one under consideration, and hence is not authority here. The rule is that where the title of the act limits its effect to certain things, the act itself cannot extend beyond such limitation. *Dixon* v. *Poe* (1902), 159 Ind. 492, 60 L. R. A. 308.

Section 579 of the new criminal code (Acts 1905, pp. 584, 721, §2226 Burns 1905) was passed at the same session as the act fixing certain days as "legal holidays," and subsequently to it. If we are right in our construction of section one of the act approved March 4, 1905, designating certain days as "legal holidays" for all purposes, then §579 of the act approved March 10, 1905, must be construed in connection with it, for the rule is that statutes enacted at the same session of the legislature are to be construed *in pari materia,* so as not to render absurd or meaningless any part of either, and so as to give full effect to both, if possible.

The evident purpose of the legislature in enacting §579, *supra,* was to prohibit the sale of intoxicating liquors on

"any legal holiday." It having made the first 8. Monday of September a "legal holiday" it would be meaningless and absurd for it to prohibit such sales on any "legal holiday," if it did not intend the inhibition to extend to all of them alike. As we have seen, holidays are creatures of statutory enactment, and hence we only have such holidays as have been designated by the legislalature. Under the plain wording of the present statute, there is no more reason for saying that the Fourth of July is a "legal holiday" than that the first Monday in September is also a "legal holiday." The legislature has placed them in the same category, and has made no distinction between them. The phrase "legal holiday" occurs in both statutes, and such phrase in the latter would be absolutely meaningless if it could not be applied to the former.

By custom, prior to the enactment of the statute of 1891, the first Monday in September had been designated and set apart as a day of festivities and celebration in honor 9. of labor. The twenty-fifth of December, for nearly two thousand years, has been observed by the Christian world as a day of rejoicing and praise, and is held sacred in memory and honor of the birth of the meek and lowly Nazarene. By custom it became a festal day, and by law a legal holiday. In memory and love of him who "was first in war, first in peace, and first in the hearts of his countrymen," February 22, the day of his birth, has been observed by the American people who have honored and loved, and who still honor and love, the name and memory of George Washington.

Since 1776, we as a people, have recognized each recurring Fourth of July as the Nation's natal day, and in some appropriate manner have celebrated that great event in history, which gave to us our national independence, and marked the birth of a new republic on the western hemisphere.

Ever since 1868, when the soldier-statesman, General John A. Logan, Commander in Chief of the Grand Army of the Republic, by proclamation, designated May 30 as a memorial day, in memory of those brave, courageous and patriotic men who gave their lives and services in defense of our country, its institutions and the flag, and who saved to us the Republic, we, as a grateful people, have united with one accord in memorial services of both the dead and living, in due appreciation of their deeds and valor.

Yet none of these days to which we have referred were holidays until made so by statute. We recognize in this country the value and importance of labor. It forms the basis of our wealth, progress and prosperity. We look to it, as the fountainhead of our strength and stability. In designating the first Monday in September, "commonly called Labor day," as a "legal holiday," the legislature paid a just compliment and conferred upon labor a merited honor.

This in an age of progress. The public conscience is quickened. We are tending to a higher civilization. The lines are tightening about those who in any manner would corrupt private and public morals. When any day is set apart for public rejoicing, harmless festivities, and celebrations, and the people congregate for such purposes, they are entitled to every protection that the law can throw about them, to the end that they may devote themselves to the purposes of, the day, uninfluenced by any thing that may tend to deprive them of their rights, or inflame their passions. So when the representatives of labor meet annually to celebrate Labor day, they are entitled to the same protection of the law, as that which is extended to all citizens who congregate on any day set apart by statute as a legal holiday, for the purpose of commemorating any great event. The legislature doubtless had this in mind when it made Labor day a legal holiday, and made it unlawful to sell intoxicating liquors on any legal holiday. There is

greater danger of riot, and a stronger tendency to dissipation, when the masses congregate, than when they are in pursuit of their daily vocations. It is, therefore, in the interest of the public, and the welfare of society, that on such occasions the temptations that breed riot and dissipation should be as far removed from the people as possible. The days specified in the statute are generally observed by the citizens of this State, and the legislature has wisely and timely declared that the traffic in intoxicating liquors shall be suspended on such days. The legislature having thus spoken, it is the duty of the court to enforce the law as it is written.

Judgment reversed, and the trial court directed to overrule the motion to quash the affidavit, and for further proceedings in harmony with this opinion.