## MILLIGAN ET AL. *v.* ARNOLD, SURVEYOR, ET AL.

### [No. 7,532.   Filed June 4, 1912.]

1. DRAINS.—*Statutes.—Repeal.—Repeal by Implication.*—The act of March 11, 1907 (§6140 Burns 1908, Acts 1907 p. 508), which relates to the repair and cleaning of ditches, expressly repeals all laws theretofore enacted in relation to drainage, except as to certain pending proceedings, and the act of March 12, 1907 (§6160 Burns 1908, Acts 1907 p. 600), which is declared to be supplemental to said act of March 11, together fully cover said subject and provide additional penalties not found in the old law, so that, although that portion of §10 of an act approved March 6, 1905 (Acts 1905 p. 456, §5631 Burns Supp. 1905), providing "that such parts of public drains as are within the corporate limits of any city or town shall be kept in repair by such city or town," is not found in either of said acts of 1907, by giving to the repealing clause of the act of March 11, 1907, the broad scope it seems to have and considering the legislative intent as gathered from the title of the act of March 12, 1907, said acts operated to repeal §10 of said act of March 6, 1905.   pp. 560, 563.

2. CONSTITUTIONAL LAW.—*Statutes.—Subject.—Title.*—Under the provisions of the Constitution (Const., Art. 4, §19) the subject-matter of a legislative enactment must be expressed in its title, and a failure in this respect will invalidate the part not so expressed.   p. 562.

3. STATUTES.—*Validity.—Title of Act Broader than Subject.*—A legislative enactment is not invalid on the ground that its title is broader than the subject of the legislation, since the body of the act is the legislative expression.   p. 562.

4. STATUTES.—*Titles.—Legislative Intent.*—The title of an act may be considered in determining the legislative intent.   p. 562.

5. STATUTES.—*Repeal by Implication.*—The law does not favor the repeal of a statute by implication.   p. 562.

6. STATUTES.—*Repeal by Implication.*—When a new statute is intended to furnish the exclusive rule on a certain subject, or when it covers the whole subject-matter of an old statute and adds new provisions and makes changes, and is evidently intended to be a revision, it repeals the old law by implication.   p. 562.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by John W. Milligan and others against Alba G.

Arnold, as surveyor of Tippecanoe County, and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Charles M. Zion,* for appellants.

*George D. Parks* and *Morris R. Parks,* for appellees.

MYERS, J.—Appellants, as lot owners within the corporate limits of the town of Clarkshill, and Clarkshill, an incorporated town, on September 5, 1908, commenced this suit against appellees, Alba G. Arnold, surveyor, J. Lynn Van Natta, treasurer, and John P. Foresman, auditor, respectively, of Tippecanoe county, and Perry A. Davis, trustee of Lauramie township in said county, praying that certain assessments made by said Arnold, as county surveyor, on their lots within the corporate limits of said town, and against said town, for the purpose of paying the costs and expenses of cleaning out and repairing a certain public ditch, which, together with its branches and laterals, extends into and through said town, be declared null and void, and that each of said parties, in their respective representative capacity, and their successors in office be forever enjoined from proceeding in any manner with the collection of such assessments.

A demurrer to the complaint, for want of facts, was sustained, and this ruling is assigned as error.

At the 1907 session of the legislature, two acts were passed relating to the repair and cleaning of ditches constructed under the law passed at that session, or under any former law. These acts were approved March 11 and March 12, 1907 (Acts 1907 p. 508, §6140 Burns 1908; Acts 1907 p. 600, §6160 Burns 1908). The complaint in this case does not show by what authority the surveyor and trustee assumed to act in making the allotments and assessments, but alleges that such allotments and assessments were made without authority of law. As grounds for this insistence they argue that §10 of an act approved

March 6, 1905 (Acts 1905 p. 456, §5631 Burns Supp. 1905), is still in force, and under its provisions county surveyors have no jurisdiction over lands and lots within the corporate limits of cities and towns.

Section 10, among other things, provides: "That such parts of public drains as are within the corporate limits of any city or town shall be kept in repair by such city or town." In the case of *Quick* v. *Templin* (1908), 42 Ind. App. 151, 85 N. E. 121, it was held that the county surveyor under this section had no authority over ditches in cities and towns, and he was not authorized to assess lands and lots therein to pay for repairs made on that portion of the drain without such corporate limits.

The act of March 12, *supra,* is declared to be supplemental to the act of March 11, *supra,* and together they fully cover the subject of cleaning and repairing public drains, with additional penalties not found in the old law on that subject. The act of March 11 expressly repeals all laws and parts of laws theretofore enacted in relation to drainage, except certain pending proceedings. The matter here in question is not one within the exception. That part of §10 herein quoted is not found in either act of 1907, consequently if we should give the repealing clause to which we have referred the broad scope it seems to have, it would include §10.

Appellants, however, insist that the surveyor and trustee, in making the allotments and assessments about which they complain, proceeded under the act of March 12, *supra,* which is devoted exclusively to the repair of all drains established by law. Under the act of 1905, *supra,* it was the duty of the surveyor to repair and clean public ditches, while under either law of 1907, except as provided in §20 (Acts 1907 p. 508, §6159 Burns 1908), that duty is placed on the township trustee. Considering appellants' insistence, it will be noticed that §10 is not mentioned in the body of that act, but

the title thereto reads as follows: "An Act providing methods for the repair of public ditches and drains and repealing section ten of an act entitled 'An act concerning drainage', approved March 6, 1905."

In this State, a constitutional provision (Const. Art. 4, §19) requires the subject-matter of a legislative enactment to be expressed in the title, and a failure in this respect will invalidate the part not so expressed. *Mewherter* v. *Price* (1858), 11 Ind. 199; *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, 87 N. E. 215, 90 N. E. 65, 90 N. E. 68, 91 N. E. 503, 30 L. R. A. (N. S.) 85. But we know of no rule of law, or case, holding a legislative enactment invalid on the ground that its title is broader than the subject of the legislation. The body of the act is the expression of the legislature. The title may be considered in determining the legislative intent. *State, ex rel.,* v. *Board, etc.* (1906), 166 Ind. 162, 195, 76 N. E. 986; *State* v. *Brugh* (1892), 5 Ind. App. 592, 32 N. E. 869. It is clear that §10, *supra,* is not expressly repealed by the act of March 12, hence its repeal, if at all, under this act, must be by implication, a method the law does not favor. *Blain* v. *Bailey* (1865), 25 Ind. 165; *Pomeroy* v. *Beach* (1898), 149 Ind. 511, 49 N. E. 370; *State, ex rel.,* v. *Commercial Ins. Co.* (1902), 158 Ind. 680, 684, 64 N. E. 466; *State* v. *Shelton* (1906), 38 Ind. App. 80, 77 N. E. 1052. Having determined that the act now under consideration fully includes §10, *supra* (other than the provision apparently intended to be omitted), and adds new provisions and provides certain additional penalties, the present question for decision is controlled by the well-settled law "that when a new statute was intended to furnish the exclusive rule on a certain subject, it repeals by implication the old law on the same subject, or when a new statute covers the whole subject-matter of an old

one, and adds new provisions and makes changes, and where such new law, whether it be in the form of an amendment or otherwise, is evidently intended to be a revision of the old, it repeals the old law by implication.'' *Findling* v. *Foster* (1908), 170 Ind. 325, 84 N. E. 529.

In the case of *City of Martinsville* v. *Washington Tp.* (1910), 46 Ind. App. 200, 92 N. E. 191, the question presented and considered involved the collection of a

1. certain sum of money expended by the township trustee in cleaning out that portion of a public ditch which had been allotted to the city of Martinsville. The action was defended on the ground that there was no authority under the law for the trustee to make the assessment. After referring to several sections of the acts bearing on the questions involved in the present case, it is said: ''The various sections of the statute in question contemplate the construction, repair and keeping clean of such ditches, for the common welfare of the people—the residents of towns and citizens of townships. The legislature has named a common officer to protect and care for such drains, and has provided a method by which it shall be done.'' The right of the trustee to enforce payment of the money thus expended by him was sustained. Among the reasons given in support of this ruling was that the legislature had recognized ''that there may be interests, general and mutual, between citizens and property within the city and outside the city and within the civil township,'' and by affirmative legislation these mutual interests were protected and enforced by a common officer. In the same case it is further said: ''Section 267 of the 'cities and towns act' (Acts 1905 p. 219, §8961 Burns 1908) provides that cities and towns shall have exclusive power over their streets, highways and alleys, except when otherwise provided by law. The matter of public drains furnishes an exception.''

In view of the law as announced in the cases cited, we

must conclude that §10 was repealed by said acts of 1907. No other question is presented by this appeal. The judgment is therefore affirmed.

NOTE.—Reported in 98 N. E. 822. See, also, under (1) 36 Cyc. 1077; (2) 36 Cyc. 1017; (3) 36 Cyc. 1032; (4) 36 Cyc. 1133; (5) 36 Cyc. 1071; (6) 36 Cyc. 1077, 1079. For a discussion of the validity of a statute having a title more comprehensive than the act itself, see Ann. Cas. 1912 A 102. As to the nature, object and effect of the constitutional provision with reference to the sufficiency of the title of a statute, see 64 Am. St. 70.